## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOANNE MARIE HERCZKU, | : | No. 4:19-CV-00613 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, AND SONNY PERDUE, | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### APRIL 17, 2020

## I.     BACKGROUND

In September 1990, Joanne Marie Herczku obtained a $64,800 loan from the United States Department of Agriculture, Rural Housing Service's ("RHS") Single Family Housing[1] Program.[2]  As part of the loan, Herczku granted RHS a mortgage securing a lien against Herczku's real property and agreed to make monthly payments of $514 for a term of 33 years.[3]

Herczku qualified for payment assistance in the amount of $321 per month and, from the date that she obtained the loan through April 1993, she generally made

---

[1]   The Single Family Housing Program offers loans to certain low-income rural residents, as well as other servicing options. 42 U.S.C. § 1471; 7 C.F.R. §§ 3550.2, 3550.201.

[2]   Administrative Record ("AR") (Doc. 14) at 253-56.

[3]   *Id.*

timely payments for the remaining $193 that she was obligated to pay each month.[4]
However, timely payments were not to last; between May 1993 and March 1995,
Herczku made no payments to RHS, and RHS thus discontinued her payment
assistance.[5]  Herczku made a lump sum catch-up payment in April 1995—which
again qualified her for payment assistance—and thereafter made sporadic payments
until October 1996, when she again stopped making payments.[6]  Herczku has not
made any payments on her loan since that time.

As a consequence of Herczku's nonpayment, RHS accelerated her loan in
1997.[7]  Herczku contested this acceleration and, in 1998, the parties agreed to jointly
review the status of Herczku's loan.[8]  In 2002, RHS reamortized Herczku's loan but,
when she refused to sign the reamortization agreement, RHS reversed the
reamortization and again accelerated the loan.[9]  Herczku appealed the acceleration
decision, and RHS' National Appeals Division ("NAD"), reversed and directed RHS
to grant Herczku a payment moratorium.[10]  Consequently, in 2005, the RHS

---

[4]   *Id.* at 227-30.

[5]   *Id.* at 230-32.

[6]   *Id.* at 232-33.

[7]   *Id.* at 79, 222-24.

[8]   *Id.* at 79.

[9]   *Id.* at 79-80.

[10]  *Id.* at 80.

retroactively placed Herczku's loan in moratorium status from January 1996 until January 1998 and presented Herczku with a reamortization agreement to sign.[11]

Herczku again refused to sign the reamortization agreement and, after presenting additional incentives that Herczku refused, in 2007 RHS reversed the reamortization.[12]  In 2014, RHS offered to again reamortize Herczku's loan and waive over $100,000 in interest then due on the loan; no progress was made and, although Herczku submitted a subsidy application, it was never processed.[13]  Finally, in September 2017, RHS accelerated the loan for a third time and sent notice to Herczku that it intended to foreclose on her property.[14]  By that time, Herczku was delinquent in her loan by more than $218,000, and RHS had made payments on her taxes and homeowner's insurance totaling more than $54,000.[15]  Herczku requested reconsideration of RHS' decision, which was denied.[16]  NAD thereafter upheld RHS' decision, as did NAD's Acting Deputy Director.[17]

---

[11]  *Id.* at 80-81.

[12]  *Id.* at 81.

[13]  *Id.* at 81-82.

[14]  *Id.* at 82.

[15]  *Id.* at 82, 332.

[16]  *Id.* at 5-7.

[17]  *Id.* at 78-88, 127-31.

In April 2019, Herczku filed this civil action, pursuant to the Administrative Procedure Act ("APA"),[18] seeking review of RHS' decision to accelerate her loan.[19] Herczku contends that RHS' decision was arbitrary and capricious, as it never processed her subsidy application before it accelerated her loan.[20] Defendants have filed a motion for judgment on the pleadings, asserting that RHS' decision was lawful and should be upheld.[21] This motion has been fully briefed[22] and, for the following reasons, Defendants' motion will be granted.

## II.  DISCUSSION

When reviewing an action filed pursuant to the APA, this Court "shall 'hold unlawful and set aside agency action, findings, and conclusions' that are 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'"[23] "Under that restricted standard of review, [this Court] must consider whether the agency 'examined the relevant data and articulated a satisfactory explanation for its action,' while being careful 'not to substitute [the Court's own] judgment for that of

---

[18]  5 U.S.C. § 701, *et seq.*

[19]  Doc. 1.

[20]  *Id.* at 6-7.

[21]  Doc. 16.

[22]  Docs. 17, 20, 22.

[23]  *Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 305 (3d Cir. 2013) (quoting 5 U.S.C. § 706(2)(A)).

the agency.'"[24]   The Court must also ensure that there is a "rational connection between the facts found and the choice made."[25]

> An agency action may be arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."[26]

Finally, this Court's "review must also be based on the administrative record that was already in existence before the agency, not some new record made initially in the reviewing court or post-hoc rationalizations made after the disputed action."[27]

Judged under this standard, the Court concludes that RHS' decision was not arbitrary or capricious.  The relevant regulations provide that any RHS loan "account may be accelerated without further servicing when at least 3 scheduled payments are past due or an amount equal to at least 2 scheduled payments is past due for at least 3 consecutive months.  In such cases RHS may pursue voluntary liquidation and foreclosure."[28]  It is uncontested that Herczku has not made a payment on her loan since October 1996,[29] meaning that, at the time that RHS accelerated her loan in

---

[24]   *Id.* (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43 (1983) (brackets omitted)).

[25]   *State Farm,* 463 U.S. at 43.

[26]   *Christ the King Manor*, 730 F.3d at 305 (quoting *State Farm,* 463 U.S. at 43).

[27]   *Id.* (brackets and internal quotation marks omitted).

[28]   7 C.F.R. § 3550.202(b)(1).

[29]   AR 233-45.  *See* Docs. 17, 20.

September 2017, she had missed far more than three payments; by NAD's calculation when it issued its decision in November 2018, Herczku had missed an astounding 253 consecutive monthly payments.[30]   Given that more than three scheduled payments were past due, RHS was permitted to accelerate Herczku's loan and foreclose on her property.  Thus, there is clearly a "rational connection between the facts found and the choice made" by RHS, and its decision to accelerate Herczku's loan must be sustained.[31]

The fact that RHS did not fully consider Herczku's 2015 subsidy application prior to accelerating her loan does not render RHS' decision arbitrary or capricious. Any special servicing actions are entirely discretionary, and RHS is not required to take any such actions—including granting subsidies—prior to accelerating a loan.[32] Therefore, the failure to undertake any such actions or process Herczku's application for such relief does not render RHS' decision arbitrary or capricious.[33]

Moreover, while such special service actions were not required, RHS nevertheless took extraordinary actions to assist Herczku in fulfilling her loan

---

[30]   AR 82.

[31]   *State Farm,* 463 U.S. at 43.  Similarly, RHS was justified in accelerating Herczku's loan because it was clear by that time that she was "unable or unwilling to meet [her] loan obligations." 7 C.F.R. § 3550.211(a).

[32]   *See* 7 C.F.R. § 3550.201 ("The Rural Housing Service (RHS) may approve special servicing actions to reduce the number of borrower failures that result in liquidation"); *United States v. Davis,* No. 417CV04136SLDJEH, 2019 WL 7500244, at *5 (C.D. Ill. July 15, 2019) (noting that "all of the special servicing options for the Section 502 loan program are discretionary").

[33]   *Cf. Davis,* 2019 WL 7500244, at *5 (RHS failure to offer loan moratorium did not impact validity of loan acceleration and foreclosure proceedings).

obligations.  This included multiple attempts to reamortize her loan, an offer to forgive more than one hundred thousand dollars in accrued interest, and permitting her to live in her home despite having not made a single payment on her loan for more than two decades.[34]

For more than 23 years, Herczku has made no payments on her loan while continuing to reap the benefits of that loan, all while RHS continued to pay Herczku's property taxes and homeowner's insurance.  Under these circumstances, RHS' decision to accelerate Herczku's loan was not arbitrary or capricious, and Defendants are entitled to judgment in their favor.

## III.   CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion for judgment on the pleadings.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[34]   AR 79-82.